IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PETE ANTONIO ELLIS,<br><br>                Plaintiff,<br><br>v.<br><br>ELIZABETH ERIN BIRDSBILL,<br><br>                Defendant. | CV-20-107-GF-BMM<br><br>ORDER |

## INTRODUCTION

Plaintiff Pete Antonio Ellis ("Ellis"), appearing pro se, filed a complaint in this action on November 4, 2020. (Doc. 1) The Court transferred this action to the Great Falls Division of the District of Montana on November 9, 2020. (Doc. 5.) The Court dismissed this action on July 23, 2021. (Doc. 9.) This action was subsequently reopened on September 8, 2021. (Doc. 10.) Ellis filed a notice on October 4, 2023. (Doc. 14.) Ellis subsequently filed a status update pursuant to the Court's order on February 26, 2024. (Doc. 16.) The Court dismisses this action based on the discussion below.

## FACTUAL BACKGROUND

This action appears to concern Ellis's and Elizabeth Erin Birdsbill's (Birdsbill) minor child, HNE. Ellis alleges that Birdsbill took HNE during time designated to him for parenting and took her to Wolf Point, Montana, on the Fort Peck Indian Reservation. (Doc. 1 at 4.) Ellis appears to pray that the Court award him custody of HNE and to enforce the terms of a parenting plan agreed to by the parties and entered by a Florida state court in March 2019. (*See* Doc. 1-1.)

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). It is presumed that an action lies outside a federal court's limited jurisdiction, and the burden of establishing subject matter jurisdiction rests on the party seeking to assert jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts retain the obligation to "ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); see also *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

## DISCUSSION

It appears that Ellis prays that the Court finalize the parenting plan issued by the Florida state court. (Doc. 14 at 1.) The Court recognizes that a Montana state

2

court granted Ellis's motion for an immediate return of a minor child on October 15, 2020. (Doc. 1-2.) The existence of the Montana state court order, however, does not grant the Court jurisdiction over this action. Ellis fails to allege a sufficient ground for subject matter jurisdiction. The Court similarly fails to locate a statute or law granting federal courts jurisdiction to approve and order joint parenting plans. The Court determines that Ellis's claim lacks sufficient subject matter jurisdiction, and, therefore, must dismiss this action for lack of jurisdiction. *See Gunn*, 568 U.S. at 256. It appears that Fork Peck Tribal Court may be the appropriate forum for Ellis to seek relief.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Ellis's complaint (Doc. 1) is **DENIED** without prejudice.
2. The Clerk of Court is ordered to close this case.

DATED this 5th day of March 2024.

_____
Brian Morris, Chief District Judge
United States District Court